UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YOLANDE MARIE HERBERT, Personal
Representative of the Estate of
Marie Herminie Barron, Deceased,

                Plaintiff,                No. 09-CV-12314-DT

vs.                                            Hon. Gerald E. Rosen

DANNIE RAY BAKER, LT. THOMAS
DIAZ and OFFICER JOHN HANKINS,

                Defendants.
_____/

OPINION AND ORDER DENYING PLAINTIFF'S MOTION
TO REMAND CASE TO WAYNE COUNTY CIRCUIT COURT

                At a session of said Court, held in
                the U.S. Courthouse, Detroit, Michigan
                on        October 22, 2009

                PRESENT:  Honorable Gerald E. Rosen
                                      Chief Judge, United States District Court

I.  INTRODUCTION

      This matter is presently before the Court on Plaintiff Yolande Marie Baker's Motion to Remand this case to the Wayne County Circuit Court where it was originally filed. Defendants have responded to Plaintiff's Motion, and Plaintiff has replied. Having reviewed and considered the parties' briefs and the Court's entire record of this matter, the Court has determined that oral argument is not necessary. Therefore, pursuant to

Eastern District of Michigan Local Rule 7.1(e)(2), this matter will be decided on the briefs. This Opinion and Order sets forth the Court's ruling.

## II. FACTUAL BACKGROUND

On November 9, 2007, Defendant Dannie Ray Baker ("Baker") appeared at the Inkster Police Department for a scheduled incarceration.[1] Immediately upon his appearance, Defendant Lieutenant Diaz detected alcohol on Baker's breath. A breathalyzer test was subsequently administered which indicated that Baker's blood alcohol content was in excess of the legal limit to operate a motor vehicle in the State of Michigan. Pursuant to City of Inkster policy, Lieutenant Diaz refused to allow the intoxicated Baker to remain in jail for his scheduled incarceration and instructed Defendant Officer Hankins to escort Baker out of the police station. According to Plaintiff, neither Lieutenant Diaz nor Officer Hankins took any action to ensure that Baker would not be operating a motor vehicle upon his release from the police station.

After he was released, Baker drove his motor vehicle away from the station, and soon thereafter struck the motor vehicle being driven by Plaintiff's decedent, resulting in her death. This lawsuit ensued.

## III. PROCEDURAL HISTORY

Plaintiff originally filed her Complaint in this matter against Defendants Baker, the City of Inkster, the City of Inkster Police Department, and "Officer John Doe 1" in the

---

[1] Baker had been court-ordered to spend weekends incarcerated at the Inkster Police Department for the offense of driving on a forged license.

2

Wayne County Circuit Court on April 15, 2008.[2] Shortly thereafter, the City of Inkster was dismissed from the case, with prejudice, pursuant to a Stipulation and Order entered by the Wayne County Circuit Court on May 29, 2008.[3] Thereafter, on June 3, 2008, Defendant Baker filed cross-claims against the City of Inkster, City of Inkster Police Department, and Officer John Doe 1.[4]

On May 5, 2009, the Inkster Police Department moved for, and was granted, summary disposition on all claims against it. The state court granted this motion because the Police Department is not a sueable entity. *See* Plaintiff's Reply to Defendant's Response to Plaintiff's Supplemental Motion to Set Aside Stipulation and Order Dismissing the City of Inkster, Dkt. # 29, p. 3. *See also Damron v. Pfannes*, 785 F. Supp. 644, 646 (E.D. Mich. 1992) ("A municipal police department is not a legal entity separate from its parent city.") Plaintiff was thereafter permitted to amend her complaint

---

[2] Although the Court has not been provided a copy of Plaintiff's *original* Complaint, it appears from the record that, as originally filed, Plaintiff's wrongful death complaint alleged only state law negligence claims; no federal Section 1983 claims were asserted in the original Complaint. *See* City of Inkster Police Department's Response to Plaintiff's Motion to Amend the Complaint, at Ex. E to Defendants' Aug. 17, 2009 Supplemental Brief to Plaintiff's Motion to Remand, Dkt. # 20.

[3] After the case had been pending in state court for more than a year, on April 7, 2009, Plaintiff, through new counsel, filed a motion to set aside the stipulation and order dismissing the City of Inkster in the Wayne County Circuit Court. This motion was never ruled upon by the state court prior to removal. On September 28, 2009, more than three months after the case was removed, Plaintiff filed in this Court a "Supplemental Motion to Set Aside the Stipulation and Order Dismissing City of Inkster." This motion is currently pending before Magistrate Judge Michael Hluchaniuk.

[4] The City of Inkster, however, denies being served with notice of any new claims against it after its dismissal from the case.

3

to replace her "John Doe" Defendant with named police officers, Lieutenant Diaz and Officer Hankins, and included federal civil rights violations in the allegations against them. After they were served with process, on June 16, 2009, Defendants Diaz and Hankins removed the case to this Court asserting federal question jurisdiction pursuant to 42 U.S.C. § 1983 as the basis for federal court jurisdiction. Defendant Dannie Baker thereafter filed a notice joining in the removal on July 13, 2009.

On July 14, 2009, Plaintiff filed the instant Motion to Remand the case back to Wayne County Circuit Court. In this motion, Plaintiff contends that removal was improper because Defendants Dannie Ray Baker, City of Inkster, and City of Inkster Police Department did not join in the removal to this Court.

### III.  DISCUSSION

A.  DEFENDANT BAKER TIMELY JOINED IN REMOVAL.

Under 28 U.S.C. § 1443, a civil case initially brought in State court can be removed by the defendant(s) to federal court "for any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." In this case, the Plaintiff alleged in her Amended Complaint that Lieutenant Diaz and Officer Hankins acted under color of state law in depriving Plaintiff's decedent of her rights guaranteed under the Fourteenth Amendment to the United States Constitution, a violation of her 42 U.S.C. § 1983 rights, providing a valid basis for removal to this Court.

Removal, however, is deemed to be procedurally deficient under 28 U.S.C. §

1446(a) if all defendants do not join in the removal in a timely manner. *Hernandez v. Seminole County*, 334 F.3d 1233, 1237 (11th Cir. 2003). The time period required for joinder in the petition is within thirty days of filing of the removal, or if the defendant was not a party to the case at the time of the petition filing, within thirty days of being served as a defendant. *See Page v. City of Southfield*, 45 F.3d 128, 131-32 (6th Cir. 1995). If a defendant who is a necessary party fails to join in the removal petition within this time, the case is to be remanded back to State court. *Knickerbocker v. Chrysler Corp.*, 728 F.Supp. 460, 462 (E.D. Mich. 1990).

In this case, however, contrary to Plaintiff's assertion in her Motion to Remand, Defendant Dannie Ray Baker did "affirmatively and timely join in the removal" by voluntarily joining in the motion to remand on July 13, 2009. [*See* Defendant Baker's Notice of Joinder in Notice of Removal, Dkt. # 6.] This was within 30 days of the June 16, 2009 filing of the Notice of Removal. *See Mehney-Eghan v. Mendoza*, 124 F. Supp.2d 467, 473 (E.D. Mich. 2000). Plaintiff mentions a series of suggested omissions and typographical errors made in the Notice of Removal, but none of these rise to a level indicating a lack of informed consent; a notice of removal is only required to contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). All necessary information to obtain consent from Defendant Baker was provided in the Notice of Removal, thus the joinder in removal by Baker was valid.

B.  BEING NON-PARTIES AT THE TIME OF REMOVAL, THE CITY OF INKSTER AND THE CITY OF INKSTER POLICE DEPARTMENT WERE NOT REQUIRED TO JOIN OR CONCUR IN THE REMOVAL

Plaintiff does not dispute that the City of Inkster and the Inkster Police Department had been dismissed as party-defendants in this action long before this case was removed. Not being party-defendants, these entities were not required to join in or concur in the removal.[5]  Plaintiff asserts, however, that for removal to have been valid, the City of Inkster and the City of Inkster Police Department nonetheless had to have timely joined or concurred in the removal because of Baker's third-party cross claims against the City and the Police Department.

However, a cross-claim may only be asserted between co-parties.  *See* Fed. R. Civ. P. 13(g); *see also Wake v. United States*, 89 F.3d 53, 62 (2nd Cir. 1996).  "A cross-claim cannot be asserted against a party who was dismissed from the action previous to the assertion of the cross-claim."  *Wake*, 89 F.3d at 62-63 (quoting *Glaziers and Glassworkers Union v. Newbridge Securities*, 823 F. Supp. 1188, 1190 (E.D. Pa. 1993) (internal quotations omitted)).  "However, if the original claim against the party is dismissed on the merits, any cross-claims *previously* filed against that party may remain." *Glaziers*, 823 F.Supp. at 1190 (emphasis added).

---

[5]  It matters not that Plaintiff now disputes the propriety of the stipulation authorizing the dismissal of the City, with prejudice.  Challenges to removal jurisdiction require an inquiry into the circumstances at the time the notice of removal is filed. When removal is proper at that time, subsequent events do not require remand.  *See, e.g., Van Meter v. State Farm Fire & Cas. Co.*, 1 F.3d 445, 450 (6th Cir.1993) (characterizing removal jurisdiction as "necessarily tied to a temporal reference point, namely the time of removal"); *Spencer v. U.S. Dist. Ct.*, 393 F.3d 867, 871 (9th Cir. 2004); *see also In re Shell Oil*, 966 F.2d 1130, 1133 (7th Cir.1992) (stating that nothing in the text or legislative history of § 1447(c) alters the "traditional view" that "jurisdiction present at the time a suit is filed or removed is unaffected by subsequent acts").

In this case, Baker filed an improper cross-claim against both the City of Inkster and the City of Inkster Police Department. The City of Inkster was dismissed with prejudice on May 29, 2008. Baker filed his cross-claim against the City of Inkster and the City of Inkster Police Department on June 3, 2008. Baker's cross-claim against the City of Inkster was not properly asserted against a co-party because when Baker filed his cross-claim, the City was no longer a party to the action. Further, "[a] municipal police department is not a legal entity separate from its parent city." *Damron v. Pfannes*, 785 F. Supp. 644, 646 (E.D. Mich. 1992). Thus, the City of Inkster Police Department being part of the same municipality as the City of Inkster, the Department was arguably also cleared of all claims against it at this time as it was legally a non-party at the time Defendant Baker filed his cross-claim.

However, even assuming *arguendo* that Baker's cross-claim against the City of Inkster and the Inkster Police Department remained viable at the time of removal, there still would have been no requirement that these entities, as "cross-defendants," join or concur in the removal of the principal complaint.

28 U.S.C. § 1441 states, in relevant part:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

As the Sixth Circuit held in *First National Bank of Pulaski v. Curry*, 301 F.3d 456 (6th Cir. 2002), a third-party defendant is not a "defendant" as that term is used in §

1441(a). *Id.* at 461-63. This, in fact, is the majority view. "The majority view [is] that third-party defendants may not remove under § 1441(a)." *Id.* at 461-62., quoting *Johnston v. St. Paul Fire & Marine Ins. Co.*, 134 F. Supp 2d 879, 880 (E.D. Mich. 2001) and *Schmidt v. Ass'n of Apt. Owners*, 780 F. Supp. 699, 702 (D. Haw. 1991) ("The majority view is that the determination of who is a defendant is determined by the original complaint, not subsequent third or fourth-party complaints.").

The Sixth Circuit explained:

As we have often noted, the removal statutes are to be narrowly construed. *See, e.g., Long* [*v. Bando Mfg. of Am., Inc.,*] 201 F.3d [754,] 757 [(6th Cir. 2000)] ("Because they implicate federalism concerns, removal statutes are to be narrowly construed."): *Brierly v. Alusuisse Flexible Packaging, Inc*., 184 F.3d 527, 534 (6th Cir. 1999) ("In interpreting the statutory language, we are mindful that the statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction."), *cert. denied*, 528 U.S. 1076, 120 S.Ct. 790, 145 L.Ed.2d 667 (2000). In construing the federal removal statutes strictly, we have relied upon *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1914). In that case the Supreme Court held that a state court plaintiff against whom the defendant had filed a counterclaim could not remove to federal court under the statutory predecessor to § 1441(a). The *Shamrock Oil* Court noted that, between 1875 and 1887, the removal statute gave the right of removal to "either party," *se id.* at 105,but that Congress had amended the provision in 1887 to allow removal "only 'by the defendant or defendants therein.'" *Id.* at 104 (quoting § 1441(a)). The Court concluded that Congress intended "to narrow the federal jurisdiction on removal" in amending the statute int his way, *id.* at 107, and thus that congressional intent bound the Court to deny plaintiffs the right to remove even if the plaintiffs were subjected to a counterclaim by the defendant. In reaching this conclusion, the Court also ruled that the states' important interest in the independence of their courts required "strict construction" of the removal statutes. *Id.* at 108-09. . . .

Although *Shamrock Oil* is not dispositive of the precise issue before us, it does dictate that the phrase "the defendant or the defendants," as used

8

> in § 1441(a), be interpreted narrowly, to refer to defendants in the traditional sense of parties against whom the plaintiff asserts claims. This interpretation of "the defendant or the defendants" is bolstered by the use of more expansive terms in other removal statutes. Title 28 grants removal power in bankruptcy cases to any "party," *see* 28 U.S.C. § 1452(a), a broader grant of power that courts have interpreted to extend to third party defendants. [Citation omitted.] Title 28 also allows removal by any "foreign state" against which an action is brought in state court, *see* 28 U.S.C. § 1441(d), and courts have interpreted that grant to include foreign states that are third-party defendants. [Citation omitted.] By contrast, § 1441(a)'s grant of removal power is much more limited instilling a right of removal only in the defendant or the defendants. *See, e.g., Johnston*, 134 F. Supp. 2d at 880 (noting that the terms "defendant" and "third-party defendant" "typically are understood as referring to distinct parties"). . . . Thus construing the removal statute narrowly, we conclude that third-party defendants do not a statutory right of removal pursuant to § 1441(a).

301 F.3d at 462-63.

Not being "defendants" entitled to exercise a right of removal, it follows that, as third-party defendants, the City of Inkster and the City of Inkster Police Department were not required to join in Defendants Diaz and Hankins' removal of this action.

## CONCLUSION

For all of the foregoing reasons, the Court finds that removal of this case was proper as all served party-defendants joined in the removal. Therefore,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand **[Dkt. # 7]** is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  October 22, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 22, 2009, by electronic and/or ordinary mail.

        s/Ruth Brissaud
        Case Manager