UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YOLANDE MARIE HERBERT,                    Case No. 09-12314

           Plaintiff,                   Gerald E. Rosen
vs.                                        United States District Judge

DANNIE RAY BAKER, et al.,                  Michael Hluchaniuk
                                           United States Magistrate Judge

           Defendants.
_____/

**REPORT AND RECOMMENDATION
PLAINTIFF'S MOTION TO SET ASIDE STIPULATION
AND ORDER DISMISSING THE CITY OF INKSTER (Dkt. 25)**

Plaintiff filed a complaint in Wayne County Circuit Court in April of 2008, claiming damages arising from a situation in which plaintiff's decedent was killed in an automobile accident after the car she was in was allegedly struck by a car driven by defendant Dannie Rae Baker. One of the defendants in the original complaint was the City of Inkster. At some point after the complaint was filed, plaintiff's counsel and counsel for the City of Inkster entered into a stipulation dismissing the City of Inkster, with prejudice, from the lawsuit.

The complaint was thereafter amended. Subsequently, plaintiff changed counsel and new counsel attempted to set aside the dismissal of the City of Inkster

from the lawsuit while the matter was still pending in state court.  On June 9, 2009, before the state judge ruled on the motion to set aside the dismissal of the City of Inkster, defendants Diaz and Hankins removed the state court action to the Eastern District of Michigan.  (Dkt. 1).  On September 28, 2009, plaintiff filed a supplemental motion to set aside stipulation and order dismissing the City of Inkster.  (Dkt. 25).  That motion was referred to the undersigned on September 29, 2009, for report and recommendation.  (Dkt. 26).  Defendants Diaz and Hankins responded to the motion on October 5, 2009 (Dkt. 27) and plaintiff replied to the response on October 12, 2009.  (Dkt. 29).  A hearing, via telephone conference call, was held on November 4, 2009.

At the hearing, plaintiff's counsel conceded that the gravamen of the motion was to allow plaintiff to amend the complaint to add an allegation against the City of Inkster arising under 42 U.S.C. § 1983.  Plaintiff's counsel had elected to proceed in the present fashion due to the belief that defendants took the position that the stipulation and order to dismiss the City of Inkster that was filed in state court barred any further claims against the City of Inkster and therefore, the order of dismissal in state court needed to be set aside to proceed with the § 1983 cause of action.

Counsel for defendants Diaz and Hankins confirmed that she took the position that any new cause of action would be barred by the order of dismissal in state court and that she intended on asserting other reasons that a § 1983 cause of action could not be brought against the City of Inkster.  Some of those reasons could not be specifically addressed in the absence of a draft of the proposed amended complaint containing allegations supporting such a cause of action.

Given the real goal of plaintiff, it makes sense to consider the merits of allowing plaintiff to add a claim arising against the City of Inkster under § 1983 in the context of a motion to amend the complaint rather than in the context of the present motion.  Some of the issues relevant to allowing such an amendment cannot properly be addressed without a proposed amended complaint to consider, which clearly would be submitted as part of filing a motion to amend.  E.D.Mich. LR 15.1.  If the prior stipulation and order dismissing the City of Inkster does not bar an action under § 1983, then the issue regarding whether plaintiff knowingly consented to the dismissal of the City of Inkster need not be considered.

Therefore, it is **RECOMMENDED** that plaintiff's present motion to set aside the stipulation and order dismissing the City of Inkster be **DENIED, WITHOUT PREJUDICE**, and that plaintiff is directed to file a motion to amend the complaint on or before November 13, 2009.  Defendants will respond to the

motion to amend as allowed by court rule and a hearing will be scheduled to consider the arguments of counsel.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 10 days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to

4

Report and Recommendation
Motion to Set Aside Stipulation
*Herbert v. Baker*; 09-12314

Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that

any objections are without merit, it may rule without awaiting the response.

Date:  November 5, 2009

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on November 5, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Jeffrey G. Collins, Gina U. Puzzuoli, and Joseph M. White, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Dannie Ray Baker, # 698162, SAGINAW CORRECTIONAL FACILITY, 9625 Pierce Road, Freeland, MI 48623.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov

Report and Recommendation
Motion to Set Aside Stipulation
*Herbert v. Baker*; 09-12314