UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YOLANDA MARIE HERBERT, Personal
Representative of the Estate of Marie
Herminie Barron, Deceased,

      Plaintiff,      No. 09-CV-12314-DT

vs.              Hon. Gerald E. Rosen

DANNIE RAY BAKER, et al.,

      Defendants.
_____/

ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER
GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT
AND ORDER EXTENDING DEADLINES

 At a session of said Court, held in
 the U.S. Courthouse, Detroit, Michigan
 on    February 17, 2010

 PRESENT: Honorable Gerald E. Rosen
        Chief Judge, United States District Court

This matter is presently before the Court on the Objections filed by Defendants Thomas Diaz and John Hankins to Magistrate Judge Michael Hluchaniuk's January 27, 2010 Order granting Plaintiff's Motion to Amend her Complaint to add the City of Inkster as a party-defendant in this § 1983 action. This Motion is a companion to Plaintiff's previously-filed Supplemental Motion to Set Aside the State Court's Dismissal of the City of Inkster, which the Magistrate Judge determined would be best addressed in the

1

context of a motion to amend. *See* 11/5/09 Report and Recommendation, Dkt. # 37, p. 3.
Therefore, he recommended that the Court deny the motion to set aside dismissal without prejudice,[1] and directed Plaintiff to file a motion to amend by November 13, 2009. Plaintiff complied with that directive and filed her Motion to Amend on November 12, 2009.

In his well-reasoned Order granting Plaintiff's Motion to Amend, the Magistrate Judge discussed in detail the various arguments Defendants raised in opposing Plaintiff's motion, i.e., Defendants arguments (1) that any claim against the City of Inkster is barred by *res judicata*; (2) that they would be prejudiced by allowing Plaintiff leave to amend; and (3) that Plaintiff's proposed amendment would be futile. The Magistrate Judge correctly rejected all of these arguments.

As the Magistrate Judge correctly noted, the only bar doctrine that might apply is the law-of-the-case doctrine. As the Magistrate Judge observed, "[a] court has the power to revisit prior decisions of its own or of a coordinate court *in any circumstance* [and it] is *within the sole discretion of a court to determine if a prior ruling should be reconsidered.*" *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990) (emphasis added). Defendants argue that the Magistrate Judge erred in not analyzing the law-of-the-case bar issue by determining whether one of the three "exceptional circumstances" enumerated by the Sixth Circuit in *Hanover Ins. Co. v. Am. Eng'g. Co.*, 105 F.3d 306,

---

[1] The Court adopted the R&R on January 14, 2010.

312 (6th Cir. 1997), were present. However, this more rigid approach to the law-of-the-case doctrine applies "to enforce a lower court's obedience to a higher court." *Williams v. McLemore*, 247 Fed. Appx. 1, 7 (6th Cir. 2007) (quoting *United States v. Dunbar*, 357 F.3d 582, 592 (6th Cir. 2004), *vacated on other grounds*, 543 U.S. 1099 (2005); *Bowling v. Pfizer, Inc.*, 132 F.3d 1147, 1150 (6th Cir. 1996). The law of the case doctrine, however, is discretionary when applied to a coordinate court or the same court's own decisions. *Bowling v. Pfizer, Inc.*, 132 F.3d 1147, 1150 (6th Cir.1998) (citing *United States v. Todd*, 920 F.2d 399, 403 (6th Cir.1990)); *In re Kenneth Allen Knight Trust*, 303 F.3d 671, 677-78 (6th Cir.2002) (doctrine is discretionary when a court reviews its prior erroneous decision); *Perillo v. Johnson*, 205 F.3d 775, 780-81 (5th Cir.2000) (doctrine is a matter of judicial discretion rather than judicial power when a court is reviewing its own prior decision). Discretion is properly exercised if the court finds "some cogent reason to show the prior ruling is no longer applicable," such as if its prior ruling was a "clearly erroneous decision which would work a manifest injustice." *Bowles, v. Russell*, 432 F.3d 668, 677 (6th Cir. 2005) (quoting *In re Petition of United States Steel Corp.*, 479 F.2d 489, 494 (6th Cir.1973).

This is precisely what the Magistrate Judge found in this case. Because Plaintiff had never consented to her prior counsel's stipulation to the dismissal of the City of Inkster, the Magistrate Judge determined it would work a manifest injustice if the dismissal were not set aside. The Court agrees with the Magistrate Judge's conclusion.

Defendants further argue that the Magistrate Judge also erred in allowing

3

amendment of the Complaint because he did not address in his Order their "undue delay" argument. This argument was made by Defendants in opposing Plaintiff's previously-filed Supplemental Motion to Set Aside Dismissal, not in opposing her Motion to Amend the Complaint. Having reviewed the record, however, the Court finds no undue delay.

The stipulated Order of Dismissal was signed by the State Court on May 28, 2008. Plaintiff, however, did not learn of the dismissal until after she retained new counsel who, after having obtained the file from Plaintiff's prior attorney, discovered the Order of Dismissal, informed Plaintiff of it, and on April 7, 2009, filed a Motion to Set Aside the Dismissal in the State court. On May 5, 2009, the State court held a hearing on the matter but did not rule on the Motion to Set Aside; instead, the court ordered the deposition of Plaintiff's former counsel.[2] The motion to set aside was pending when Defendants Diaz and Hankins removed the case to this Court on June 16, 2009. Plaintiff thereafter filed a Motion to Remand which was not decided until October 22, 2009. During the pendency of the Motion to Remand, on September 28, 2009, Plaintiff filed her Supplemental Motion to Set Aside Dismissal. Her Motion to Amend was filed thereafter at the direction of the Magistrate Judge. Under these circumstances, the Court finds no "dilatory tactics" on the part of Plaintiff or her counsel nor any "undue delay" in the filing of either her State court Motion to Amend or her Supplemental Motion to Amend filed in

---

[2] Also on May 5, 2009, the State court allowed Plaintiff to amend her Complaint to add claims against Defendants Diaz and Hankins. It was their addition to the Complaint and the § 1983 claims against them which provided the basis for removal to this Court.

this Court.

For all of the foregoing reasons, the Court finds that the Magistrate Judge's decision was not clearly erroneous or contrary to law. *See* 29 U.S.C. § 636(b)(1)(A). Therefore,

IT IS HEREBY ORDERED that Defendants' Objections to the Magistrate Judge's Order Granting Plaintiff's Motion to Amend the Complaint **[Dkt. # 57]** are OVERRULED and the Magistrate Judge's Order Granting Plaintiff's Motion to Amend The Complaint **[Dkt. # 56]** is AFFIRMED.

IT IS FURTHER ORDERED that within **five days** of the date of this Order, Plaintiff shall file with the Court and serve upon Defendants her Second Amended Complaint in the form and substance of the proposed Second Amended Complaint attached as Exhibit B to her Motion to Amend.

In light of Defendants' contention that if Plaintiff is allowed to amend her Complaint to add the City of Inkster, they will need more time for discovery and will need to file another motion for summary judgment,

IT IS FURTHER ORDERED that the parties may have until **March 31, 2010** to conduct discovery pertinent to Plaintiff's Section 1983 claim against the City of Inkster.

IT IS FURTHER ORDERED that Defendants' November 29, 2009 Motion for Summary Judgment **[Dkt. # 43]** is DISMISSED, without prejudice to Defendants' right to re-file a Motion for Summary Judgment addressing all of Plaintiff's claims after the close of the extended period of discovery. The deadline for filing such a motion will be **April**

**30, 2010.**

IT IS FURTHER ORDERED that the Final Pretrial Conference, presently scheduled for March 22, 2010 is ADJOURNED and will now be conducted on **Thursday, August 5, 2010 at 10:00 a.m.**

SO ORDERED.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: February 17, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 17, 2010, by electronic mail and by ordinary mail to: Dannie Ray Baker, #698162, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623.

s/Ruth Brissaud
Case Manager